FILED

SEP - 4 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

JAMES HUNT,

                      Plaintiff,

    4505 Chase Avenue
    Bethesda, MD 20814
    301-986-8407

    v.

UNITED STATES DEPARTMENT
OF AGRICULTURE,

                    Defendant,

    1400 Independence Avenue, S.W.
    Washington, D.C. 20250-3604

    and

UNITED STATES OFFICE OF
SPECIAL COUNSEL,

                    Defendant.

    1730 M Street, N.W.
    Washington, D.C. 20036-4505

Case: 1:08-cv-01533
Assigned To : Kennedy, Henry H.
Assign. Date : 9/4/2008
Description: Admn. Agency Review

## COMPLAINT

1.     This complaint is brought under the United States Constitution, Fifth Amendment, and 5 USC 702, 704 and 706.

2.      Plaintiff James Hunt at all times material to this complaint was employed as an Administrative Law Judge by Defendant United States Department of Agriculture ("USDA"), an administrative agency of the United States government.

3.      Defendant United States Office of Special Counsel ("OSC") is an administrative agency of the United States government. It has the authority to institute disciplinary proceedings against agencies that engage in prohibited personnel practices against employees, including the institution of litigation proceedings before the United States Merit Systems Protection Board, an administrative agency of the United States government.

4.      A person's employment and compensation as an employee of an agency of the United States government are property rights protected by the Fifth Amendment of the United States Constitution.

5.      A person cannot be deprived of a protected property right without a due process predetermination evidentiary hearing.

6.      The United States Office of Personnel Management ("OPM") is an administrative agency of the United States government. It has the statutory authority to determine the level of compensation for Administrative Law Judges employed by an agency.

7.      Only OPM has the authority to classify or reclassify the pay rates and pay levels for Administrative Law Judges.

8.      The basic classification pay rate or level established by OPM for Administrative Law Judge positions is AL-3. OPM may classify an Administrative Law Judge position at the higher AL-2 or AL-1 level.

9.      OPM classified the pay rate for the position of Chief Administrative Law Judge at Defendant USDA at the AL-2 level.

10.    OPM by regulation requires an agency that places an Administrative Law Judge in a position classified by OPM at the AL-2 level to pay the Administrative Law Judge at that level.

11.    An agency may reduce the compensation of an Administrative Law Judge after instituting an action and hearing under 5 USC 7521

12    Defendant USDA appointed and placed Plaintiff in the position of Chief Administrative Law Judge after OPM had classified the pay rate for the position at the AL-2 level.

13.    When Plaintiff was appointed and placed in the position of Chief Administrative Law Judge he had the property right protected by the Fifth Amendment to receive the AL-2 pay rate lawfully authorized by OPM for an Administrative Law Judge placed in that position.

14.    Defendant USDA paid Plaintiff at the AL-3 level.

15.    Defendant USDA refused to pay Plaintiff at the higher OPM-authorized AL-2 level.

16.    Defendant USDA's payment to Plaintiff at the AL-3 level reduced the compensation that Plaintiff had the right to receive.

17.    Defendant USDA did not seek a hearing through an action under 5 USC 7521 before it reduced Plaintiff's compensation.

18    Defendant USDA's action in reducing Plaintiff's compensation without a predetermination evidentiary hearing constituted a taking of Plaintiff's property.

19.    Defendant USDA's action deprived Plaintiff of his property without due process in violation of the Fifth Amendment.

20.    Plaintiff filed a complaint with Defendant OSC alleging that Defendant USDA's reduction in his lawfully authorized compensation was a prohibited personnel practice.

21.    Defendant OSC did not seek a hearing before the Merit Systems Protection Board on the material issues of fact and law presented in the complaint.

22.    Defendant OSC, without a hearing, made the following controverted findings on the material facts and law. (Its findings are attached to and made a part of the complaint.):

(a). The Supreme Court's decision in *Ramspeck v. Federal Trial Examiners Conference,* 345 U.S. 128, 136 n.6 (1953), that only OPM has the authority to classify or reclassify Administrative Law Judge pay levels is no longer controlling.

(b).  Defendant USDA had the authority to downgrade the AL-2 pay level authorized by OPM for the position of Chief Administrative Law Judge.

(c).  Defendant USDA downgraded the  pay for the position of Chief Administrative law Judge to the AL-3 level before Plaintiff was appointed and placed in the position.

(d).  Plaintiff's compensation at the AL-3 level was the pay rate authorized for the position.

23.    Defendant OSC's findings are not supported by fact or law.

24.    Defendant OSC found that Defendant USDA had not reduced Plaintiff's authorized compensation and did not commit a prohibited personnel practice.

25.    Defendant OSC's affirmation of Defendant USDA's unlawful taking without seeking a predetermination evidentiary hearing was arbitrary, capricious, not in accordance with law and denied Plaintiff his right to due process in violation of the Fifth Amendment.

Therefore, Plaintiff seeks an order that:

(a)    Finds that Defendants USDA and OSC deprived Plaintiff of his property without due process in violation of the Fifth Amendment of the United States Constitution;

(b)    Directs Defendants to compensate Plaintiff for his loss of property due to their unlawful taking; and

(c)    Provides such other relief as may be appropriate.


James Hunt
Plaintiff, pro se
4505 Chase Avenue
Bethesda. MD 20814
301-986-8407

September 4, 2008

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS *U.S. DEPARTMENT OF AGRICUTURE AND U.S. OFFICE OF SPECIAL COUNSEL* |
|---|---|
| *JAMES HUNT* 88888 | |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *88888* (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) *PRO SE 4505 CHASE AVE., BETHESDA, MD 20314 301-986-8407* | Case: 1:08-cv-01533 Assigned To : Kennedy, Henry H. Assign. Date : 9/4/2008 Description: Admn. Agency Review |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☒ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Medical Malpractice ☐ 365 Product Liability ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act **Social Security:** ☐ 861 HIA ((1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g) **Other Statutes** ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. *(If Antitrust, then A governs)* |

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent, Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property **Personal Property** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **Bankruptcy** ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **Prisoner Petitions** ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition **Property Rights** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **Federal Tax Suits** ☐ 870 Taxes (US plaintiff or defendant ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty** ☐ 610 Agriculture ☐ 620 Other Food &Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 RR & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other **Other Statutes** ☐ 400 State Reapportionment ☐ 430 Banks & Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Satellite TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 900 Appeal of fee determination under equal access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

*/4/*

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

§ U.S.C. 702

U.S. CONSTITUTION, FIFTH AMENDMENT, TAKING PROPERTY (COMPENSATION) WITHOUT DUE PROCESS

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □   ACTION UNDER F.R.C.P 23    **DEMAND $**    Check YES only if demanded in complaint   **JURY DEMAND:** □ YES   ☑ NO

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   □ YES   ☑ NO   If yes, please complete related case form.

DATE 9/4/08   SIGNATURE OF ATTORNEY OF RECORD   *James Hunt, pro se*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

III.      CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT· The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION. Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

.

.

James Hunt,

              Plaintiff,

    v.                                    Civil Action No.

U.S. Department of
Agriculture,

              Defendant,

    And

U.S. Office of Special
Counsel,

              Defendant.

ATTACHMENT

OSC Preliminary Determination
Plaintiff Reply
OSC Final Determination

08 1533

FILED

SEP - 4 2008

**Clerk,** U.S. District and
**Bankruptcy Courts**



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

JUN **1 1** 2008

Mr. James W. Hunt
4505 Chase Avenue
Bethesda, MD 20814

      *Re: OSC File No. MA-08-1624*

Dear Mr. Hunt:

      This letter is in response to the complaint of possible prohibited personnel practices you submitted to the U.S. Office of Special Counsel against U.S. Department of Agriculture (USDA). We have carefully considered the information you provided. Based on our evaluation of the facts and law applicable to your circumstances, we have made a preliminary determination to close our investigation into your allegations.

      From examining your current complaint, it appears that many of your allegations are identical to the one's you asserted in your previous OSC complaint, MA-03-1788. In both your previous and current complaint, you allege that the USDA's decision to downgrade the Chief Judge position to AL-3 was made by the agency without OPM's approval.

      In our previous determination, we informed you that while OPM may require OPM approval when an agency wants to establish an AL-1 or AL-2 position, you have not identified, nor are we aware of a law, rule, or regulation that prohibits management from downgrading the Chief Judge position to AL-3. In addition, you have not identified, nor are we aware of a law, rule, or regulation that states that management must advertise the Chief Judge position at the AL-2 pay level because the previous incumbent served at that level, or a law, rule, or regulation violated by the agency in not making the decision to upgrade the position back to the AL-2 pay level.

      In support of re-opening your former OSC case, you cite the following decisions: 1.) *Ramspeck v. Federal Trial Examiners Conference*, 345 U.S. 128, 136n. 6; 2.) *U.S. v. Wickersham*, 201 U.S. 390, 399; and 3.) *U.S. v. Testan*, 424 U.S. 392. 402. You assert that under *Ramspeck*, OPM has exclusive authority to reclassify ALJ pay levels and thus our original determination was incorrect.

      It should be noted that all three of the above mentioned cases were decided before the inception of the Civil Service Reform Act (CSRA) of 1978. As such, the statutes and agencies cited in these cases are inapplicable to your allegations. Specifically, *Ramspeck* addresses OPM's predecessor rather than OPM itself and statutory language which is no longer in effect today. Consequently, because *Ramspeck* pre-dates OPM, *Ramspeck* is

**U.S. Office of Special Counsel**
James W. Hunt
Page 2

inapplicable to your allegations and we find no reason to depart from our original determination.

We also cannot find that the law cited in *Wickersham* and *Testan* support the re-opening of your former OSC complaint. We will not fully address *Testan*, as the section you cite to contains dictum affirming the holding of *Wickersham*. *Wickersham*, also a pre-CSRA opinion, holds that once a position is conferred to an individual, that individual is lawfully entitled to the pay at which the position was listed. Because the position you were given was advertised at the pay level at which you were hired, you were given lawful pay and we cannot find that a law, rule, or regulation was violated.

Because the above mentioned allegations have already been asserted and thoroughly examined in your previous complaint, MA-03-1788, and because you have failed to provide any new additional information, we are unable to consider these allegations in your current complaint. Rather, an opportunity to address these allegations and a decision to close our inquiry into your allegations was made by a previous Complaints Examining Unit examiner, Collette Stanton, and as such, our original determination is final and will not be changed. If you wish to request reconsideration of your previous case, MA-03-1788, please request formal reconsideration to William Reukauf, 1730 M Street, N.W. Suite 218, Washington, D.C. 20036-4505.

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and certain activities prohibited by civil service law, rule or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). We have considered your complaint as a possible violation of 5 U.S.C. § 2302(b)(9) and 5 U.S.C. § 2302(b)(12).

In your complaint, you allege that the current Assistant Secretary for Administration, USDA, "refused or failed to reemploy you under OPM senior ALJ program in retaliation for filing [an appeal] with MSPB." From your complaint, it appears that after you retired, you filed two MSPB appeals in 2003. The first MSPB appeal was dismissed for lack of jurisdiction and the second MSPB appeal was dismissed for your lack of standing as an Administrative Law Judge (ALJ) under 5 U.S.C 7512. The second MSPB decision was affirmed in December, 2007. It is also your belief that the USDA has failed to rotate its selection of ALJ's in violation of 5 C.F.R. 930.216.

Section 2302(b)(9) prohibits an official with personnel an authority from taking, failing to take, or threatening to take or fail to take a personnel action because an employee engaged in a protected activity, such as (1) exercising the right to file any appeal, complaint, or grievance, (2) testifying for or otherwise lawfully assisting any individual in the exercise of any appeal, complaint or grievance right, (3) cooperating with or disclosing information to the Inspector General or the Special Counsel in accordance with applicable law, or (4) refusing to obey an order that would require the

**U.S. Office of Special Counsel**
James W. Hunt
Page 3

violation of law. The elements of proof necessary to establish a section 2302(b)(9) violation are: (1) an employee or applicant for employment participated in the protected activity defined in 5 U.S.C. § 2302(b)(9); (2) the agency officials exercising personnel action authority had knowledge of the employee's or applicant's participation in the protected activity; and (3) participation in the protected activity was a significant factor in the personnel action or threat of a personnel action.

As stated above, to prove a violation of section 2302(b)(9), participation in a protected activity must be a significant factor in the issuance, or threat of issuance, of the personnel action. There is nothing in your complaint to indicate that you were retaliated against because of your 2003 MSPB appeals. Specifically, you have not provided any information suggesting corrective action has not been obtained as a result of your appeals, that you were adversely affected by your complaints, and thus would be retaliated against because of your appeals; or that the Assistant Secretary for Administration, USDA, made any statements of animus against you due to your appeals; or that Assistant Secretary for Administration, USDA, was the subject of your appeals. Consequently, due to the lack of information to suggest that your reemployment denial was taken or threatened in retaliation for your participation in a protected activity, we have no basis for investigation into your allegation of reprisal.

We have reviewed and analyzed your assertion that that the USDA has failed to rotate its selection of ALJ's in violation of 5 C.F.R. 930.216 as a possible violation of 5 U.S.C. § 2302(b)(12). Under this statute, it is a prohibited personnel practice for an official with personnel action authority to take or fail to take a personnel action that would violate any law, rule, or regulation implementing or directly concerning one of the federal merit system principles defined at 5 U.S.C. § 2301.

It is your contention that because Judge Palmer has been employed as a senior ALJ for three successive years, the USDA has violated 5 C.F.R. 930.216 and thus prevented you from being considered as a part time ALJ. Based on the information provided in your complaint we cannot conclude that a violation of 5 C.F.R. 930.216 has occurred. Specifically, 5 C.F.R. 930.216 applies to temporally employed ALJ's. 5 C.F.R 930.216(g) is the pertinent subpart to your complaint. It states: "Reemployment as senior administrative law judges will be for either a specified period not to exceed 1 year; or such periods as may be necessary for the reemployed administrative law judge to conduct and complete the hearing of one or more specified cases and issue decisions therein. Upon agency request, OPM may either reduce or extend such period of reemployment, as necessary, to coincide with changing staffing requests." You have failed to offer any supporting evidence, other than your belief, that Judge Palmer is a temporally employed ALJ rather than a permanently employed ALJ. As a permanently employed ALJ, 5 C.F.R. 930.216 does not apply to Judge Palmer and his employment. Additionally, while you are correct in your assertion that a senior ALJ may not serve in that position

**U.S. Office of Special Counsel**
James W. Hunt
Page 4

continuously for more then one year, 5 C.F.R. 930.216 does not prohibit an individual who has served as an ALJ for one year from reapplying for a senior ALJ position, being chosen, and serving as a senior ALJ for another consecutive year. Consequently, if after the end of each of Judge Palmer's one year terms he reapplied and was chosen for the position, there is no reason why he would be prohibited from accepting and serving as a temporary ALJ. Additionally, 5 C.F.R. 930.216 does not address nor mandate, as you contend, that an agency must rotate its selection among other ALJ's on the ALJ eligible's list. Thus we have no basis to sustain a 2302(b)(12) action.

As previously stated, we have made a preliminary determination to close our inquiry into your complaint. You have, however, an opportunity to submit comments concerning our determination. Your response must be *in writing* and should address the reasons we cited in reaching our preliminary determination to close your complaint. You have *thirteen days from the date of this letter* to submit your written response. If we do not receive any written comments by the end of the thirteen-day period, we anticipate closing the file. We will then send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Ashley Sands
Ashley Sands
Attorney
Complaints Examining Unit

James W. Hunt
4505 Chase Avenue
Bethesda, MD 20814
301-986-8407

July 10, 2008

Ms Ashley Sands
Office of Special Counsel
1730 M Street, N.W.
Washington, D.C. 20036

      Re:  OSC File No. MA-08-1624
            OSC File No. MA-03-1788

Dear Ms. Sands:

This response is to your preliminary decision dated June 11, 2008 to dismiss my complaint in OSC File No. MA-08-1624. (Referred to as OSC #2.) By copy of this response to Mr. William Reukauf, I am also requesting reconsideration of OSC's decision to dismiss my complaint in OSC File No. MA-03-1788. (Referred to as OSC #1.) In both cases OSC's interpretation of the law and its reliance on misleading and controverted information raises material and substantial issues of fact and law.

Briefly, this action began when I was appointed by USDA to the position of Chief Administrative Law Judge. OPM in 1991 had established AL 2 as the pay level for the person occupying the position. USDA, however, announced that it would fill the position at the lower AL 3 level. The three applicants for the position (myself and ALJs Baker and Bernstein) were misled through deceptive statements by Janet Potts, the Special Assistant to the Secretary of Agriculture, that OPM had downgraded the pay. It was not until after I was selected and appointed to the CALJ position that I learned that this was a decision by USDA that it had made without OPM's approval. USDA ignored my requests – directed, in turn, to Ms Potts, the Assistant Secretary for Administration, Office of General Counsel, and to the Secretary of Agriculture -- to be paid at the level authorized by OPM. These officials refused to acknowledge my requests or to give any reason for USDA's deliberate pay downgrade, except for Ms Potts' statements implying that the ages of the three ALJs was a consideration by USDA in the matter.

1

My complaint in OSC # 1 alleged that, when USDA announced that it would fill the CALJ position at the Al 3 level, it denied me the opportunity to compete for the position at the AL 2 level, that Potts engaged in a deceptive practice by implying that OPM had officially authorized the downgrade, and that USDA's action constituted age discrimination. At the time of USDA's announcement I was within six months of my seventieth birthday; Judges Baker and Bernstein were over seventy. We were all eligible for retirement.

OSC, dismissing the complaint, relied on USDA's assertion that it had paid me at a lower rate because it had reclassified the position's pay and that it had the authority to reclassify ALJ pay independent of OPM, and relied on USDA's claim that it had not made misleading statements because Potts was allegedly not the selecting official. OSC dismissed my claim of age discrimination on the ground that it does not entertain such complaints.

I then filed a complaint with MSPB under 5 USC 7521 contending that USDA's action constituted a reduction in my authorized pay. MSPB dismissed the complaint on the ground that it lacked jurisdiction because I was unable to show that USDA had interfered with my decisional independence as an ALJ. I next filed a complaint as an employee under 5 USC 7512. It too was dismissed. MSPB said that, since I was an ALJ, I could file a complaint only under 7521.

While my first complaint was pending before MSPB, my successor as CALJ, Mark Hillson, called to ask if I would return to USDA as an ALJ on a part time basis. I agreed but said that before I could be rehired I had to be on OPM's retired "senior" ALJ register, a process that I had already begun. Judge Hillson told me to let him know when I was on the register. I also told him that I had filed a complaint against USDA, a matter of which he seemed unaware. However, when I later called Judge Hillson to tell him that I was on the register, he withdrew his offer of employment by saying that USDA no longer would need my services. I also learned about this time that USDA had paid Judge Hillson as CALJ at the AL 2 level, which, as noted, was the level that had been authorized by OPM, but which USDA had claimed that it had reclassified. I further learned from contacts within USDA that, after offering me a job as an ALJ, USDA had hired Judge Victor Palmer, my predecessor as CALJ, under OPM's senior ALJ program and later learned that USDA continued to reemploy him as a part time ALJ for the three years that my complaints were pending before MSPB.

I then filed the instant complaint (OSC #2) alleging that USDA's refusal to reemploy me as an ALJ was in retaliation for the complaints I had filed. I also asked for reconsideration of OSC's earlier decision (OSC #1) on

2

the grounds that, first, contrary to USDA's assertion to OSC that its reason for paying me as an AL 3 was because it had allegedly reclassified the position's pay level, its action in paying my successor at the AL 2 level shows that it had in fact not changed the position's AL 2 pay level before my appointment to the position and, thus, AL 2 was the pay level authorized for the position when I occupied it, and, second, according to the Supreme Court in *Ramspeck v. Fed. Trial Examiners Conf.*, 345 U.S. 128 (1953) only OPM has the authority to classify or reclassify an ALJ pay level. Finally, according to the Supreme Court in *U.S. v. Wickersham*, 201 U.S. 390 (1906) and *U.S. v. Testan*, 424 U.S. 392 (1975) USDA was required to pay me at the lawfully established AL 2 pay level (i.e. the level established by OPM) when it appointed me to the position. USDA has never remedied the prohibited practices that it had engaged in that denied me the compensation to which I was entitled.

## Material Issues of Fact and Law

1.    **Only OPM has the authority to establish ALJ pay levels.** USDA contends that OPM no longer has exclusive jurisdiction over ALJ pay because *Ramspeck* is no longer applicable due to changes in the civil service law that changed the name of the Civil Service Commission to Office of Personnel Management and also changed the title of Hearing Examiner to Administrative Law Judge. USDA does not, however, even if this dubious argument were relevant, show how these changes gave it the authority to fix the pay of ALJs, which in effect allows it to consider ALJ pay levels set by OPM as only guidelines which it is free to follow or not. But the vital point that USDA overlooks is that *Ramspeck* was not based on civil service laws, which serve to protect the interests of federal workers; *Ramspeck* was based on the Administrative Procedure Act, which serves to protect the public interest. A critical element in the APA – which the Court said was the "heart" of the APA -- was the intent of Congress to protect the public's right to fair and impartial administrative proceedings by insulating the decisional independence of hearing examiners (now ALJs) from agency interference by separating ALJ pay from agency control. To "guarantee" this public protection, Congress gave the Civil Service Commission (now OPM) exclusive control over ALJ pay. Contrary to your finding, therefore, that the laws underpinning Ramspeck have changed, the law on which Ramspeck was based, the APA, continues in full force today. Since only OPM has the authority to classify or reclassify ALJ pay, the pay level authorized by OPM

3

was the pay to which I was entitled when USDA selected, appointed and placed me in the CALJ position.

2.     **The lawfully authorized pay level for the CALJ position was AL 2.**   In Case #1 OSC found that when I was paid at the AL 3 level as CALJ USDA compensated me at the pay level authorized for the position and that USDA therefore "did not place me in a position classified at the AL 2 level." It accepted USDA's rationale in both OSC #1 and #2 that I was seeking the pay of an AL 2 only because my predecessor was paid at that level. I was, however, seeking the pay of an AL 2 because that was the pay level lawfully authorized by OPM for the person appointed to the position. USDA, and OSC, now take the position that the Supreme Court's decisions in *Testan* and *Wickersham* supporting my argument are no longer controlling because of unspecified changes in the civil service laws. However, they overlook the Court's finding that the principle that a civil servant is entitled to the pay authorized for the position to which he is appointed was not dependent on the civil service act but was settled before the act became law: "*at least since the Civil Service Act of 1883,* the employee is entitled to the emoluments of his position until he has been legally disqualified. " *Testan,* 402. (Emphasis added.) Moreover, OPM has codified this Court established principle of law as a required personnel practice with respect to ALJs: An agency appointing an ALJ to a position established at the AL 1 or AL 2 level must pay the ALJ at that level. 5 CFR 930.210(i). As I was selected and appointed by USDA to a position lawfully established at the AL 2 level by OPM, USDA was required to pay me at that level.

3.     **Janet Potts was a selecting official**. In OSC #1 OSC accepted USDA's claim that it had not made deceptive or misleading statements because the official making those statements, Janet Potts, was not a "selecting" official. USDA's claim, even without a hearing, is controverted by the known facts. Potts was designated by the Secretary of Agriculture as his personal representative to head the selection panel that would pick the next CALJ. Potts and the two other members of the panel selected me for the position. After Potts selected me (she personally notified me of my selection), I was formally "appointed" to the position by the Secretary. (The Assistant Secretary signed off on the paperwork.) The issue then is not whether Potts was a responsible selecting official, but whether the statements she made as such an official implying that OPM had authorized USDA's downgrade of the CALJ's compensation constituted prohibited misleading and deceptive statements to deny me the pay I was lawfully

4

authorized to receive. These misleading statements, furthermore, were made in the presence of the two other members of the selection panel, both Assistant General Counsels in USDA's Office of General Counsel. They did not repudiate Potts' remarks.

4.    **OSC has jurisdiction over claims of age discrimination.** OSC rejected my claim of age discrimination on the ground that it does not entertain such cases. However, the law, regulations and decisions by the MSPB (e.g., *Tripp v. Dept. of Air Force,* 59 MSPR 458 (1993)) clearly provide that OSC will entertain claims of discrimination in "mixed" cases such as mine. USDA, despite it tight lipped policy not to reveal its motives, had inadvertently tipped its hand that the ages of the applicants was an important consideration by USDA officials in the CALJ selection process. This is reflected in Potts' remarks – which she made in the presence of the two Assistant General Counsels – that USDA had to make a selection from among ALJs who might retire at any time. OPM had placed a ceiling of three as the overall number of ALJs that USDA could employ. Viewing Potts' remarks in the context of USDA's concurrent and unexplained downgrade of my pay as CALJ, it is fair to make the inference that USDA personnel decision makers in this matter -- the Secretary, Assistant Secretary, Special Assistant, and/or General Counsel – decided that if they were required to appoint a retirement eligible ALJ to fill the existing vacancy, they could still speed up the creation of a new vacancy in the position in order to hire a younger CALJ by denying me a higher pay so as to discourage me from continuing in a job whose pay would enhance my retirement benefits. (An endeavor, incidentally, in which they were successful.) USDA by this time had already delayed for over a year after the position became open to make the vacancy announcement, presumably in the hope that one of the old ALJs might retire. It has been USDA's practice, when it could, to appoint a younger person as CALJ. My predecessor as CALJ was in his early fifties when he was appointed to the position and paid as an AL 2 (in 1991 when OPM established AL2 as the position's pay level) and my successor was in his early fifties when USDA paid him as an AL 2. Perhaps USDA had some legitimate reason for its actions but until it comes up with some such reason, the age of the applicants is the only apparent explanation.

5.    **Animus**. As in OSC #1 in which OSC said that I had failed to show "why" USDA would want to exclude me from the AL 2 pay level, OSC likewise in OSC #2 says that I failed to show that any USDA official

demonstrated animus toward me when it refused to reemploy me as an ALJ. The law, however, does not require a showing of animus. It requires a showing that the agency's action was a personnel practice prohibited by law. Moreover, even if an impermissible motive were required to be shown, USDA had displayed such a motive through the implications of Potts' comments concerning the three applicants for the CALJ position. Thus, even if OSC is correct that it does not have to entertain complaints based on age, age discrimination is still a prohibited personnel practice which OSC must therefore consider in the context of whether a reason for a suspect personnel practice was a person's age. It is thus incumbent on OSC to consider whether Potts' tacit admission that age was a consideration in USDA's selection process was also a factor in denying me the pay of an AL 2.

As for USDA's possible animus toward me because of the complaints I filed when it employed Judge Palmer, animus can be inferred. OSC defends USDA's supposed lack of animus by suggesting that Palmer was permanently hired by USDA. However, on the information I have, he was hired on a temporary basis under OPM's senior ALJ program and then rehired each year thereafter while my MSPB complaints were pending. On each occasion of his reemployment USDA made the decision that he be hired rather than me. Since I had initially been offered the job, some USDA personnel decision maker or makers had to have deliberately changed their minds about my reemployment, or, more likely, told Hillson to change his mind about the offer of employment he had made to me which he had obviously not cleared beforehand with the proper persons. (The complaint in OSC #2 alleges that the Assistant Secretary was the decision maker since he/she is administratively above the CALJ; the complaint will be amended to name others involved after information is obtained through sworn testimony, or through discovery if permitted, that sorts out the USDA officials actually involved.)

Thus the question: Why the change of mind about hiring me? Why did USDA decide to hire Palmer instead and then continue to rehire him rather than me? Why wasn't I at least considered for reemployment in alternate years? The only difference between us was that my complaints were pending which made me, unlike Palmer, persona non grata to USDA's top officials. USDA's refusal to hire me was in retaliation for the complaints I filed.

## Conclusion

In view of the material and substantial issues of fact and law concerning whether USDA engaged in prohibited personnel practices that

deprived me of my entitlement to the compensation of the position I occupied, I have the right to a due process hearing. The issues, among others, to be resolved at the hearing include:

1.    What specific changes in the law nullifies the Supreme Court's decision in *Ramspeck?*

2.    What specific changes in the law nullifies the Court's decisions in *Wickersham* and *Testan?*

3.    What law negated OPM's exclusive authority to classify or reclassify ALJ pay?

4.    What law gives an agency like USDA the authority to fix the pay of the ALJs it employs?

5.    In view of the contradictions between USDA's claim that it had reclassified the pay for the CALJ position and then paying Hillson at the unreclassified pay level, what substantiation can USDA provide to support its claim that it had actually reclassified the position's pay level?

6.    What law gives USDA reclassification authority?

7.    Did the failure of the General Counsel members of the selection committee to repudiate Potts deceptive comments constitute deception by them?

8.    What USDA officials were involved in USDA's deliberate decision to downgrade the pay of the person selected to be CALJ?

9.    What USDA officials were involved in USDA's deliberate decision to withdraw the offer of employment that had been made to me?

Respectfully submitted,


James Hunt

cc: William Reukauf


7



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

July 31, 2008

Mr. James W. Hunt
4505 Chase Avenue
Bethesda, MD 20814

      **Re:   OSC File No. MA-03-1788**
      **Request for Reconsideration**

Dear Mr. Hunt:

      This is in response to your request for reconsideration of the decision of the Office of Special Counsel to close the above-referenced file. We have reviewed the information you submitted, and have determined that you have not presented any additional evidence that would lead us to change our decision to close the file in this matter.

      Accordingly, your request for reconsideration is denied and there is no further appeal available to you within the Office of Special Counsel.

                       Sincerely,

                       William E. Reukauf
                       Associate Special Counsel
                         for Investigation & Prosecution